IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *SIDNEY VALLIE,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-02-077 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL,* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent, Janie Cockrell, Director ("the Director"), Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), by and through her attorney, the Attorney General of Texas, and files this her Motion for Summary Judgment with Brief in Support.

### I.

### JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

### II.

### DENIAL

The Director denies every allegation of fact made by Petitioner, Sidney Vallie ("Vallie"), except those supported by the record and those specifically admitted herein.

### III.

### STATEMENT OF THE CASE

The Director has lawful custody of Vallie pursuant to a judgment and sentence of the 184th District Court of Harris County, Texas, in cause number 581683. Exhibit A (commitment inquiry record with attached explanations). On December 11, 1990, Vallie pleaded guilty to the felony

offense of theft, the court accepted his plea, found him guilty, and assessed punishment of twelve years imprisonment. Exhibit A.

A procedural history of any appeals or state writ applications is unnecessary for the disposition of the instant petition because the validity of Vallie's holding conviction is not directly at issue; rather, Vallie challenges a prison disciplinary proceeding.

In disciplinary case number 20020026778, Vallie was found guilty of engaging in a fight without a weapon, a Level 1, Code 21 violation. Exhibit B, at 1.[1] On September 28, 2001, as a result of this disciplinary case, Vallie's punishment was assessed at forty-five days recreation and commissary restrictions, fifteen days solitary confinement, and he lost ninety days of good-time. Exhibit B, at 1, 3. On October 8, 2001, Vallie filed a Step One Grievance appealing the disciplinary proceeding. Exhibit C, at 1.[2] On October 9, 2001, Vallie's Step One Grievance was denied. Exhibit C, at 2. Subsequently, on October 23, 2001, Vallie filed a Step Two Grievance. Exhibit C, at 3. On November 5, 2001, Vallie's Step Two Grievance was denied. Exhibit C, at 4. Vallie filed this federal writ petition on April 16, 2002. Fed. Writ Pet., at 1.

## IV.

## STATE COURT RECORDS

Records of Vallie's state court proceedings are irrelevant to the resolution of this case. Therefore, unless the court orders otherwise, the records will not be forwarded to the court. However, a TDCJ-ID computer record providing information regarding Vallie's conviction is attached as Exhibit A. Records of the disciplinary proceedings Vallie challenges are attached as Exhibit B. Records of Vallie's prison grievances regarding the challenged disciplinary proceeding are attached as Exhibit C. A copy of Vallie's hearing tape will not be forwarded to the court because it

---

[1]  The records for disciplinary case number 20020026778 are attached as Exhibit B. For the convenience of the court, the Director has numbered the pages of Exhibit B. TDCJ-ID sent one affidavit regarding this disciplinary proceeding, and it is attached to Exhibit C.

[2]  The grievance records for disciplinary case number 20020026778 are attached as Exhibit C. For the convenience of the court, the Director has numbered the pages of Exhibit C. TDCJ-ID sent one affidavit regarding the disciplinary and grievance records; it is attached as part of Exhibit C.

is not necessary to the resolution of this motion.

## V.

## PETITIONER'S ALLEGATIONS

The Director understands Vallie's allegations to be as follows:

1. He received ineffective assistance of counsel because his counsel substitute failed to investigate and failed to offer mitigating evidence.

2. The charging officer presented inadmissable hearsay evidence and nothing tangible.

3. The charging officer was allowed to review her original written report before giving verbal testimony.

4. The warden advised him not to file a Step Two appeal because he would help him; therefore, the warden interfered with the right to appeal.

Fed. Writ Pet., at 8-9.

## VI.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Director believes Vallie exhausted his administrative remedies with respect to disciplinary proceeding 20020026778 because he filed a Step One and Step Two Grievance. Exhibit C, at 1-4. Finally, because Vallie challenges a disciplinary proceeding, he was not required to file a state application for writ of habeas corpus. *See Ex parte Brager,* 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) ("[t]his Court will not entertain claims concerning alleged violations of prison disciplinary procedures.").

## VII.

## RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT

### A.   Standard of review.

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th

Cir. 1990), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record developed shows that the Director is entitled to judgment as a matter of law.

Vallie filed the instant federal writ petition on April 16, 2002.[3] Fed. Writ Pet., at 9. Because Harrison's petition was filed after April 24, 1996, his petition is subject to review under the 1996 amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"). *See* 28 U.S.C. § 2254 (2000). *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 2061, 2068 (1997) (AEDPA does not apply to petitions filed before AEDPA took effect; "the new provisions of [the AEDPA] generally apply only to cases filed after the Act became effective"); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (AEDPA applies to a petition filed by state prisoner after April 24, 1996), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998).

The AEDPA provides that:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

---

[3]    The Fifth Circuit has held "a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Here, Vallie failed to date his federal writ petition, and he filed it on April 16, 2002. Fed. Writ Pet., at 9, 1, respectively.

Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2001).

**B.      Vallie's claims must be denied on their merits.**

**1.      To the extent Vallie challenges the imposition of recreation and commissary restrictions, and the solitary sanction, Vallie has failed to demonstrate actionable constitutional deprivations.**

As a result of disciplinary case number 20020026778, Vallie was deprived of forty-five days recreation and commissary restrictions, he received fifteen days solitary confinement, and he lost ninety days of good-time. Exhibit B, at 1, 3. To the extent Vallie challenges the imposition of recreation and commissary restrictions, and the solitary sanction, he has failed to demonstrate actionable constitutional deprivations.

The Due Process Clause is not implicated by these changes in the conditions of Vallie's confinement; therefore, he has not stated claims that are entitled to federal habeas corpus relief. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S. Ct. 2293, 2297 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997); *Sandin*, 515 U.S. at 485, 115 S. Ct. at 2301; *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S. Ct. 2963, 2974 (1974).

However, prisoners do not lose all constitutional rights when they are incarcerated. *Id.* In certain circumstances, states may create liberty interests which are protected by the Due Process Clause. *Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-84, 115 S. Ct. at 2300. "[T]hese

5

interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. "[T]hese interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison*, 104 F.3d at 767.

Vallie's temporary loss of recreation and commissary restrictions and solitary sanctions do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. Rather, they constitute a change in the conditions of Vallie's confinement, and, therefore, do not implicate the protections afforded by the Due Process Clause. *See Id.* at 768 (thirty day commissary and cell restrictions do not implicate due process concerns); *see also Sandin*, 515 U.S. at 486, 115 S. Ct. at 2301 (holding that no liberty interest was implicated by placement in administrative segregation).

Therefore, in regard to the imposition of recreation and commissary restrictions, and solitary sanction, Vallie has not stated claims that are entitled to federal habeas corpus relief.

**2.    To the extent Vallie challenges the loss of good-time, his claim must fail.**

As a result of disciplinary case number 20020026778, Vallie was deprived of ninety days of good-time. Exhibit B, at 1, 3.

Under Texas law, good-time credits do not actually reduce an inmate's sentence. Rather, since 1977, good time credits affect the amount of a given sentence that an eligible inmate will have to serve before being released on parole or mandatory supervision. *See* TEX. CIV. STAT., art. 6181-1, § 4 (Vernon Supp. 1977) (good time credits "appl[y] only to eligibility for parole or mandatory supervision"), *currently* TEX. GOV'T. CODE §498.003(a) (Vernon 1998). A Texas prisoner does not possess a liberty interest in being released on parole. *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citations omitted). Thus, to the extent that Vallie contends that his parole eligibility has been adversely affected by the challenged disciplinary infraction, he does not state a basis for relief. *Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302.

6

However, the Supreme Court has held that states may, in some instances, create liberty interests that are protected by the Due Process Clause through the language of prison regulations. *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. In those cases, the standards for satisfying due process are set out in *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974). The *Wolff* due process procedures must be examined regarding disciplinary case number 20020026778 because good-time credits were taken away from Vallie, and he is eligible for mandatory supervision. *Malchi*, 211 F.3d at 958-9.

In general, prison disciplinary proceedings do not form part of a criminal prosecution, and, therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556, 94 S. Ct. at 2975. Due process requires that a prison inmate be provided with: (1) advanced written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals, and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563-67, 94 S. Ct. at 2978-80.

To the extent Vallie claims that his due process rights were violated, his claims must fail. First, Vallie was notified of the disciplinary charges in case number 20020026778 on September 27, 2001, and the hearing occurred on September 28, 2001. Exhibit B, at 1. Further, Vallie did not waive advance notice to twenty-four hour notice of his hearing. Exhibit B, at 1. Second, Vallie was informed of his right to call witnesses and present documentary evidence. Exhibit B, at 4. Finally, Vallie was provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action. Exhibit B, at 1. Therefore, Vallie received the due process to which he was entitled to under *Wolf*.

### 3.    Vallie's claim of ineffective-assistance-of-counsel fails.

Vallie alleges that he received ineffective-assistance-of-counsel because his counsel substitute failed to investigate and failed to present mitigating evidence. Fed. Writ Pet., at 7. This claim is without merit and must be denied. Due process guidelines do not require "that inmates have a right

7

to either retained or appointed counsel in disciplinary proceedings." *Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S. Ct. 2963, 2981 (1974). Accordingly, Vallie cannot obtain relief on a claim of ineffective-assistance-of-counsel when there is no right to counsel.

### 4. Vallie's insufficiency-of-the-evidence claim fails.

Vallie claims the charging officer's testimony was inadmissible hearsay and that no tangible evidence was produced at the hearing. Fed. Writ Pet., at 7. To the extent Vallie claims the evidence was insufficient, his claim is without merit.

The Fifth Circuit has held that disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Due to the needs of prison security and protection, even "anonymous and *merely generalized accusations* [can] form the sole basis for disciplinary action against a prison inmate." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S. Ct. 1619 (1982) (emphasis added). The court's role on review is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)). Therefore, so long as there is "any evidence at all" to support the prison disciplinary hearing officer's findings, the results of the hearing will be upheld. *Hudson*, 242 F.3d at 536 (quoting *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S. Ct. 1619 (1982)). The record reflects that Vallie was guilty of engaging in a fight without a weapon. Exhibit B. The accusing officer's statement reflects she saw Vallie engage in a fight, and she stated Vallie "did engage in a fight with [another inmate] in the education hallway by repeatedly punching each other which followed by them wrestling each other to the ground." Exhibit B, at 2, 3. Therefore, there was some evidence to support the hearing officer's finding that Vallie was guilty of engaging in a fight. Accordingly, this claim must fail.

### 5. Vallie's claim that the charging officer was allowed to view her report before testifying fails to raise a constitutional violation.

This claim fails to allege a federal constitutional violation. Whether the charging officer to

8

reviewed her report before testifying is irrelevant. After reviewing the testimony and evidence to include Vallie's statement, the hearing officer concluded Vallie did violate TDCJ-ID policies by "engaging in a fight." Exhibit B, at 1. Finally, *Wolf* does not prohibit the charging officer from reviewing her report before testifying and as stated above in *Wolf, supra,* a disciplinary proceeding is not a criminal trial.

      **6.**    **Vallie's claims that he was denied the right to appeal is frivolous.**

Vallie claims the Warden interfered with his right to file an appeal. Fed. Writ Pet., at 8. This claim must fail because it is frivolous. The record reflects Vallie filed Step One and Step Two Grievance appeals. Exhibit C, at 1-4. Further, the record reflects Vallie's grievance were timely, and the grievance officer reviewed the grievances. Therefore, Vallie's claim is frivolous because no one denied him his right to appeal the disciplinary proceeding.

# VIII.

# CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Vallie's petition for writ of habeas corpus be denied.

                        Respectfully submitted,

                        JOHN CORNYN
                        Attorney General of Texas

                        HOWARD G. BALDWIN, JR.
                        First Assistant Attorney General

                        MICHAEL T. McCAUL
                        Deputy Attorney General for
                        Criminal Justice

                        S. MICHAEL BOZARTH
                        Assistant Attorney General
                        Chief, Habeas Corpus Division

*M. IRENE DELGADILLO*

\*Lead Counsel                     Assistant Attorney General
                                   State Bar No. 24031568
                                   Federal Bar Number 30831

                                   P. O. Box 12548, Capitol Station
                                   Austin, Texas   78711
                                   (512) 936-1400
                                   (512) 936-1280 (FAX)

                                   ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Petitioner, Sidney Vallie, you are hereby notified that the undersigned attorney will bring

the foregoing Motion before the court as soon as the business of the Court will permit.

M. IRENE DELGADILLO
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, M. Irene Delgadillo, Assistant Attorney General of Texas, do hereby certify that a true and

correct copy of the above and foregoing Respondent Cockrell's Motion for Summary Judgment with

Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the

13th day of August 2002, addressed to:

Sidney Vallie
TDCJ-ID No. 576106
Willacy State Jail
1695 S. Buffalo Drive
Raymondville, Texas 78580

M. IRENE DELGADILLO
Assistant Attorney General

10

# EXHIBIT  A

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION
## COMMITMENT INQUIRY INFORMATION

The Director does not have a copy of the judgment and sentence documenting Vallie's conviction in cause number 581683. However, the Director has obtained the Texas Department of Criminal Justice, Institutional Division computer generated commitment inquiry and provides the following:

a)    "OFFCD: 23170000" - identifies the National Crime Information Center offense code for the felony offense of theft.

b)    "PENAL: 031.030" - identifies the Texas Penal code violation for theft.

c)    "MS: Y" - indicates Vallie is eligible for mandatory supervision release.

d)    The term "PLEA: g" reflects Vallie plead guilty.

e)    "CAUSE: 581683" - reflects the Criminal District Court cause number for Vallie's case.

f)    "CNTY  OFF: 101" - identifies the offense in this conviction occurred in Harris County, Texas, with 101 being the TDCJ-ID numeric designator for Harris County.

g)    "CNTY/CRT: 101 184" - identifies the county where the conviction occurred as Harris County, Texas and the convicting judicial district court for this case as the 184th Judicial District Court.

h)    "MAX TERM: 12Y" - reflects a twelve-year sentence.

i)    "SENTENCED: 12-11-1990" - reflects a December 11, 1990 sentencing date.

```
CSIMF800/INI801          COMMITMENT INQUIRY           05/16/02 07:07:18
INMTCICS/LHA9541 /JC01  TDCJ-ID NO: 00576106 SIDNO: 03636888
 NAME: VALLIE,SIDNEY MICHAEL        APPL:      STATUS: A RS WI L1   #OFF: 04
 OLD TDC#: 00000000 CNTY CONV: 101                              73RD
 OFF-REC:    2605 PRJ RL: 09-25-2002 REC:   02-07-1991 MAX-TERM:   4Y  0M  0D
 PEN-REC: 032.310 MAX-EX: 09-01-2004 BEGIN: 09-01-2000 PAR-ELIG: 05-03-2001
                                        DEFADJ:    INMATE TYPE: TF
    OFFCD: 23170000 THEFT                                      72ND
     PENAL:031.030  MS:Y PLEA:G CAUSE:640210        CNT:    OFF:07-31-1992
     CC  CNTY OFF:101  CNTY/CRT:101 339 MAX TERM:   10Y  0M  0D  BEG:07-31-1992
     MIN EXP:04-08-2002 MAX:03-06-2003 PAR ELIG:01-01-0001 SENTENCED:08-03-1992
     OFF TDCNO: 00576106                           CTO DATE 01-01-0001
    OFFCD: 23170000 THEFT                                      70TH
     PENAL:031.030  MS:Y PLEA:G CAUSE:581683        CNT:    OFF:11-20-1990
     CC  CNTY OFF:101  CNTY/CRT:101 184 MAX TERM:   12Y  0M  0D  BEG:11-20-1990
     MIN EXP:05-30-2002 MAX:12-18-2003 PAR ELIG:12-17-1994 SENTENCED:12-11-1990
     OFF TDCNO: 00576106                           CTO DATE 01-01-0001
    OFFCD: 26050005 CREDIT CARD ABUSE                          73RD
     PENAL:032.310  MS:Y PLEA:G CAUSE:854587        CNT:    OFF:09-01-2000
     CC  CNTY OFF:101  CNTY/CRT:101 262 MAX TERM:    4Y  0M  0D  BEG:09-01-2000
     MIN EXP:09-25-2002 MAX:09-01-2004 PAR ELIG:05-03-2001 SENTENCED:09-26-2000
     OFF TDCNO: 00576106                           CTO DATE 01-01-0001
 PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
```

# EXHIBIT  B



# WCC

## *facsimile transmittal*

1895 South Buffalo Drive
Raymondville, Texas 78580
Tel: 956-689-4000

*Fax Number:*

| Administration | 956-689-4001 |
| Health Services | 956-689-4985 |

| Date: | 08-13-02 | | | |
|---|---|---|---|---|
| To: | IRENE | | Fax #: | 512-936-1280 |
| | | | Phone: | |
| From: | Colette Watt, Executive Assistant | | Fax #: | 956-689-4001 |
| | Willacy State Jail | | Phone: | 956-689-4900 |
| cc: | | | Pages: | 2 includes cover |
| Re: | DISCIPLINARY RECORD | | | |

To Whom It May Concern:

The attached Displinary Record/Hearing Record regarding case # 20020026778 against Offender Vallie,

Sidney TDCJ# 376106, is of true and accurrate nature.

If you have any question, please contact the facility at 956-689-4900.

Thank You.

*CONFIDENTIALITY NOTICE:*
*The accompanying facsimile is intended solely for the use of the addressee designated below.*
*Document(s) transmitted herewith may contain information that is confidential and privileged. Delivery, distribution or dissemination of this*
*communication, other than to the intended addressee, is strictly prohibited. If you have received this facsimile in error, please notify us by telephone.*

ENTRY: 0020026778 TDCJNO: 0057... NAME: VALLIE, SIDNEY MICHAEL    EA: 8.6
UNIT: 01 HSNG: BTR    04    JOB: PRE-HEARING DETENTION    IQ: 086
CLASS: L1 CUST: MI PRIMARY LANGUAGE: ENGLISH    NHHR RESTRICTIONS:    NO
GRADE: MA MSS OFF.DATE: 09/25/01 07:35 PM LOCATION: UI WINDHAM CLASSROOM
TYPE: TF

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT EDUCATION HALLWAY, OFFENDER: VALLIE,
SIDNEY MICHAEL, TDCJ-ID NO. 00576106, DID ENGAGE IN A FIGHT WITHOUT A WEAPON
WITH OFFENDER GUTIERREZ, JOSHUA TDCJ NO.1008213, BY PUNCHING EACH OTHER WHICH
FOLLOWED BY THEM WRESTLING EACH OTHER ON THE FLOOR. MOREOVER, THE FIGHT DID NOT
RESULT IN ANY INJURIES THAT REQUIRED TREATMENT UP TO FIRST AID.

CHARGING OFFICER: VILLARREAL, R    SHIFT/CARD: 1 K
OFFENDER NOTIFICATION    IF APPLICABLE INTERPRETER,
TIME & DATE NOTIFIED: 1:30 PM 9/27/01 BY: (PRINT) A. Reyes
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES (NO) IF NO, HOW DO YOU
PLEAD? GUILTY (NOT GUILTY)
OFFENDER NOTIFICATION SIGNATURE: _____ DATE: _____
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: X _____ DATE: 9/27/01

## HEARING INFORMATION

HEARING DATE: 9-28-01 TIME: 2:30 TAPE# 568 SIDE# B START# 262 END# 380
TAPE#    SIDE#    START#    END#
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING; (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF INTERPRETER USED (SIGNATURE _____

OFFENSE CODES: 21.0
OFFENDER PLEA: (G, NG, NONE)    NG
FINDINGS: (G, NG, DS)    G
REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)___ (HEARINGS)___ BY:(INITIAL)___
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: (ADMISSION OF GUILT, OFFICER'S REPORT, WITNESS TESTIMONY, OTHER
EXPLAIN IN DETAIL)

## PUNISHMENT

LOSS OF PRIV(DAYS)    REPRIMAND    SOLITARY(DAYS) 15
*RECREATION(DAYS) 45    EXTRA-DUTY(HOURS)    REMAIN LINE 3
*COMMISSARY(DAYS) 45    CONT.VISIT SUSP THRU ___/___    REDUC.CLASS FROM ___ TO ___
*PROPERTY(DAYS)    CELL RESTR(DAYS) 45    GOOD TIME LOST(DAYS) 90
*___(DAYS)    SPECIAL CELL RESTR(DAYS)    DAMAGES/FORFEIT: $
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**OFFENSE REPORT**

| Informal Resolution App? | | |
|---|---|---|
| Officer | Y | N |
| Supervisor | Y | N |

Case No 2Y7.7.7
MHMR Resi?    Y
PHD             Y

(1) TDCJ-No. 576106    (2) Offender UALLIE SIDNEY Michael (3) Unit WCC
(Last Name, First)

(4) Housing Assign: 1B-26    (5) Job Assignment:

(6) Offense Level, Code Title: LEVEL 7    CODE 21    FIGHTING    OR    ASSAULTING    AN    OFFENDER    WITHOUT    A    WEAPON

OFFENSE DESCRIPTION:    On 9-25-01 at 7:35 AM (PM), and at EDUCATION HALLWAY
(7) Date    (8) Time    (9) Enter Specific Location

Offender UALLIE SIDNEY    TDCJ No. 576106

DID    ENGAGE    IN    A    FIGHT    WITHOUT    A

WEAPON    WITH    GUITTEREZ    JOSHUA    TDC-J 1008213

(10) Additional Information:

ON    DATE    AND    TIME    LISTED    ABOVE    OFFENDER

UALLIE SIDNEY 576106    DID    ENGAGE    IN    A    FIGHT

WITH    GUITTEREZ    JOSHUA    1008213    IN    THE    EDUCATION

HALLWAY    BY    REPEATICY    PUNCHING    EACH    OTHER

WHICH    FOLLOWED    BY    THEM    WRESTLING    EACH

OTHER    TO    THE    GROUND.

(Continue on additional sheet if necessary)

(11) Witnesses:

(12) Accusing Officer/Employee: Printed Name/Rank R. UILLARREAL

(13) Signature: R. Uillarreal    (14) Shift/Card H    (15) Date 9-25-01    (16) Time 7:

(17) Approving Supervisor's Printed Name: B. Mayer    (18) Date 9/25/0

(19) Grading Official (Print) S. Sampt    (20) Rank N    (21) Date 9/27/04

(22) Grade: (Circle One)    1R    UP    MI (M.)    (23) Justification to override Informal Resolution:

2

CSDSP040                                          T.D.C.J.                              2001/09/27
WI - WI04                              HEARING WORK SHEET                               12.08.09

CASE#: 20020026778,  TDCJ # DOC 5106,  NAME: VALLIE,SIDNEY MICHAEL
CURRENT UNIT: WI,   HOUSING: BTR    04 ,   CLASS. L1,   CUSTODY: MI  TYPE:
OFFENSE DATE: 092501, TIME: 07 : 35 PM, LOCATION:  WI    WINDHAM CLASSROOM ,
CHARGING OFFICER: VILLARREAL, R ,                              SHIFT/CARD: 1/B,
OFFENSE CODES: A) 21 . 0,      B)          ,   C)      .  ,   D)       .  ,
DESCRIPTORS:. A) FT       , B)          ,   C)          ,   D)
PLEA:        A)  NG   , B)          ,   C)          , D)
FINDING:   _  A)  G   , B)          ,   C)          , D)
HEARING LAPSE DATE: _____ , DHO:  CLM  , CS:  _AT_ , SERVICE DATE: 9/27/0
HEARING DATE/TIME:  9/28/01 / 1:30PM        , SERVICE TIME: 1:30PM
ACCUSED OFFENDERS DEFENSE: _____

_Offender presented At the hearing by c/s Reyes_

WITNESSES: — NO witnesses

EVIDENCE: _____

A. CHARGING OFFICER'S STATEMENT:  Villarreal R. (phone)    I did not see

the start of the fight. I did see them striking each other
and then wrestling each other to the floor.

B. ACCUSED OFFENDER'S STATEMENT AT HEARING:  Written statement

C. HEARING NOTES: _____

INTERPRETER USED: _____ DOCUMENTARY EVIDENCE: _____
WITNESSES PRESENT OR TESTIMONY (CS-09) ENTERED: _____
ACKNOWLEDGE MODIFICATION: _____    OBJECTIONS: _____
SUMMATION/MITIGATION  Ask for lenient punishment if found guilty

   Ask for credit
   1 MA CASE
PRESENTATION CONCLUDED, VALLIE,SIDNEY MICHAEL
WOULD YOU LIKE TO SAY ANYTHING ELSE? YES ___, NO  ✓

CS CHECK LIST:         YES NO N/A                          YES NO N/A
OFFENDER PRESENT       ___ ___ ✓    NON-FRIVOLOUS EVIDENCE  ___ ___ ___
CS-14                  ___ ___ ✓    CROSS EXAMINATIONS      ___ ✓ ___
SANCTIONS ASSESSED;                 CREDIT (FND)            ✓ ___ ___
LOSS OF PRIV. ___ , REPRIMAND  ✓    SOLITARY               15
RECREATION  45 , EXTRA DUTY  ___    REMAIN C S             ___
COMMISSARY  45 , CONT. VISIT THRU ___ ,  REDUC CLASS FROM ___ TO ___
PROPERTY  ___ , CELL REST  45       GOOD TIME LOSS         90
         , SPECIAL CELL  ___        DAMAGES              $___
CS-12                                                    REVISED  04/97

3

CSDSP040                          T.D.C.J.                        2001/09/27
WI - WI04            SERVICE INVESTIGATION WORK SHEET              08:54.40

CASE#: 20020026778, TDCJ # 00576106,  NAME: VALLIE,SIDNEY MICHAEL
CURRENT UNIT: WI,  HOUSING: BTR    04 ,  CLASS: L1,  CUSTODY: MJ,  TYPE:
OFFENSE DATE: 092501, TIME: 07 : 35 PM, LOCATION:  WI      WINDHAM CLASSROOM
CHARGING OFFICER: VILLARREAL, R                          SHIFT/CARD: 1/H,
OFFENSE CODES: A) 21 . 0,      B)    ,   ,   C)     ,   ,   D)
DESCRIPTORS!  A) FT     ,  B)          ,  C)        ,  D)
PLEA:         A)  NG    ,  B) _____ C) _____ , D)
CLERK RCVD: 092701, SERVICE LAPSE DATE, 102501 ,    SERVICE DATE: 9/27/01
CS ASSIGNED:___A. Reyes_____,              SERVICE TIME: 1:30PM

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

(A.) ACCUSED IN ANY FORM OF            E. ACCUSED HAS REQUESTED COUNSEL
     SEGREGATION                          SUBSTITUTE
B. EA BELOW 5.0   IQ BELOW 73          F. ACCUSED HAS REQUESTED WITNESS WHO
C. LITERACY IS QUESTIONABLE               CAN NOT ATTEND THE HEARING
D. ACCUSED HAS DIFFICULTY UNDER-       G. COMPLEXITY OF CASE WARRANTS COUNSEL
   STANDING ENGLISH                       SUBSTITUTE
=================================================================================
A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:   YES ✓ NO
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                                 RULES AND PROCEDURES:  YES ✓ NO
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                          ALLEGED OFFENSES WERE VIOLATED:  YES ✓ NO

   IF NO, EXPLAIN:_____
=================================================================================
1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:              YES   NO
A. TO CALL AND QUESTION WITNESSES                                  ✓
B. TO PRESENT DOCUMENTARY EVIDENCE                                 ✓
C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                         ✓
D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING        ✓
E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS  ✓
F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING      ✓

2. THE ACCUSED REASONS AND/OR DEFENSE: It was a misunderstanding. I
defended myself. He started it
_____
_____
_____
_____
_____
_____

A. REQUESTED WITNESSES:
_____
   None
_____

B. REQUESTED DOCUMENTARY EVIDENCE:
   None
_____

CS-10.11A                                            REVISED 04/77

4

CSDSP040                    T.D.C.J.                        2001/09/27
WI - WI04         SERVICE INVESTIGATION WORK SHEET            08:54.46

CASE#: 20020026778,  TDCJ # 00576106,  NAME: VALLIE,SIDNEY MICHAEL

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:
   A. 9/27/01 , REVIEW CASE: _____
   B. _____ INTERVIEW ACCUSED: _____
   C. NAME OF INTERPRETER USED: _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

   9/27/01 ____ CONCLUDE INVESTIGATION_____

4. ON _____, THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE
   INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT. THE CHARGING OFFICER WAS
   ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED
   IN THE REPORT. _____
   _____
   _____
   _____
   _____
   _____

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED: _____
   _____

   Charging Officers report
   _____
   _____

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES: _____
   _____

   Offender's statement
   _____
   _____

COUNSEL SUBSTITUTE PRINTED NAME: A. Reyes      TITLE: C/S

COUNSEL SUBSTITUTE SIGNATURE: A. Reg           DATE: 9/27/01
CS-10.11B                                      REVISED 04/99

5

STATEMENT FOR CASE # 20020026778.

MY PLEA IS NOT GUILTY FOR THE ABOVE MENTIONED CASE NO. DUE TO MY NATURAL RIGHT TO DEFEND MYSELF AGAINST ANY PHYSICAL AGGRESSIVE ATTACK NOT ONLY IS MY PLEA NOT GUILTY, BUT I SHOULD BE FOUND NOT GUILTY. I WAS TOLD BY LT. CHANDLER AND LT. MOJELAS THAT INMATE JOSHUA GUTIERREZ # 1008213 CLAIM I WAS MASTURBATING IN THE RESTROOM IN THE EDUCATION HALLWAY. THERE IS A CONCRETE PARTITION WALL THAT BLOCKS OFF A CLEAR VIEW OF THE TOILET AND THE CLASSROOM IN WHICH INMATE GUTIERREZ WAS A STUDENT. IF I WAS ENGAGING IN SUCH AN ACT THERE IS NO WAY POSSIBLE HE COULD HAVE ANY KNOWLEDGE OF WHAT I WAS DOING WHILE SITTING ON THE TOILET. I WOULD NOT EVEN DISRESPECT ANOTHER INMATE IN SUCH A MANNER.

IF I DID IN ANYWAY DISRESPECT AN INMATE IN SUCH A MANNER I WOULD GO OUT OF MY WAY TO OFFER MY APOLOGIES. I FEEL AS THOUGH HE SHOULD NOT HAVE TAKEN MATTERS IN HIS OWN HANDS TO LAUNCH AN AGGRESSIVE ATTACK TOWARD ME.

IF HE THOUGHT I WAS ENGAGING IN SUCH AN ACT WHILE HE WAS IN CLASS HE SHOULD HAVE REPORTED THE INCIDENT TO HIS CLASSROOM TEACHER OR MR. R. VILLARREAL SO PROPER ATTENTION OR ACTION COULD BE TAKEN, I.E., (THAT IS A DISCIPLINA CASE CODE .20 COULD BE WRITTEN). THERE IS NO

BA
6

EVIDENCE OR PROOF OF INMATE GUTIERREZ'S CLAIM OF ME ENGAGING IN SUCH AN ACT. HOW CAN HE SUPPORT SUCH A CLAIM? I BELIEVE AND SUSPECT ANOTHER MOTIVE FOR HIS ACTIONS WHICH I AM WILLING TO DISCUSS OFF RECORD. AN INMATE NEVER HAVE A RIGHT TO ENFORCE A RULE OR AN ATTACK ON ANOTHER INMATE UNLESS FOR JUST CAUSE THAT CAN BE PROVEN, INMATE GUTIERREZ CLAIM STANDS WITHOUT MERIT AND SHOULD NOT BE USED FOR CONSIDERATION OF JUSTIFYING AN ASSAULT AGAINST ME.

HE SHOULD BE MAN ENOUGH TO ADMIT IN STARTING THE FIGHT, IF NOT I HAVE A *KEY WITNESS*. PERHAPS THIS INMATE SAW OR WITNESSED ME PERFORM WHAT IS CALLED AN "INSTINGA". IT'S PERFORMED AFTER URINATING. A PIECE OF TISSUE IS TAKEN AND ONE MUST SQUEEZE THE PENIS AND STROKE IT A FEW TIMES TO REMOVE ALL OF THE URINE FROM THE PENIS.

THIS HELPS PREVENT STAINS OR LEAKAGE AFTER URINATING. IT'S PART OF MY RELIGIOUS FAITH, "AL-ISLAM. CECIL WILLIAMS # 725377 T2-17 CAN BE A WITNESS TO THAT, HE IS THE RELIGIOUS COORDINATOR FOR THE ISLAMIC COMMUNITY HERE. HE CAN CONFIRM THE MUSLIM CARRYING OUT THIS PRACTISE.

7

# EXHIBIT  C

**AFFIDAVIT**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF WALKER** | § |

My name is Susan L. Schumacher. I am over twenty-one years of age, of sound mind, capable of making this Affidavit and personally acquainted with the facts herein stated.

I am employed as the Assistant Administrator of Offender Grievance at the Central Grievance Office for the Texas Department of Criminal Justice and my office is located in Huntsville, Texas. I do hereby certify that I am the custodian of Offender Grievance Records. I have reviewed the grievance records on Offender **Sidney Vallie** TDCJ #576106, Cause Number B02077, and hereby certify that the attached documents requested for the time period of August 2001 to the present relating to *disciplinary case #20010335448*, are true and correct copies of the grievance records now on file in my office. I further certify that the records attached hereto are maintained in the usual and regular course of business at the Office of Offender Grievance for the Texas Department of Criminal Justice.

In witness whereof, I have hereto set my hand on this the 26th day of June 2002.

Susan L. Schumacher
Assistant Administrator Offender Grievance
Texas Department of Criminal Justice

Before me, the undersigned authority Maggie A. Schillaci on this day personally appeared Susan L. Schumacher, known to me to be the person whose name is subscribed to the foregoing instrument, and having been by me duly sworn on oath, acknowledged that she had executed the same for the purpose and consideration therein expressed and that the foregoing statements are true and correct.

Given my hand and seal of office on this the 26th day of June 2002.

NOTARY PUBLIC in and for
The State of Texas

MAGGIE A. SCHILLACI
Notary Public, State of Texas
Notary #: 12413015-4
My Comm. Exp. 2-21-2006





Texas Department of Criminal Justice

# STEP 1
PASO 1

## OFFENDER GRIEVANCE FORM
Forma Para Quejas de los Preso

OFFICE USE ONLY
Para Uso De La Oficiana Solan

Grievance #: __2002022290__
Date Received: OCT 0 8 2001
Date Due: __11-17-2001__
Grievance Code: __401__
Investigator Number: __I092__

☐ EM       ☐ UOF       ☐ N
☐ ADA      ☐ REL       ☐ S

Offender Name: __SIDNEY VALLIE__     TDCJ #: __576106__

Unit: __WILLACY__          Housing Assignment: __2D-6__

Unit where incident occurred: __SAME AS ABOVE__

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is w appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? __CAPTAIN MONTGOMERY (D.H.O)__  When? __9-28-01__
What was their response? __FILE THIS DOCUMENT FOR THE APPEAL PROCESS__
What action was taken? _____

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropria

ON 9-28-01, I WAS FOUND GUILTY ON CASE No. 20020026778 FOR FIGHTING W/o A WEAPON AGAINST JOSHUA GUTIERREZ T.D.C. I.D.# 1008213. THIS DOCUMENT IS BEING FILED BASED ON THE FACT OF ME BEING "FREE FROM FAULT." AN AGRESSIVE ATTACK WAS PERPETRATED AGAINST ME AND I HAD No CHOICE BUT TO USE REASONABLE AND NECESSARY FORCE TO DEFEND MYSELF. THAT DEFENSE AND MY WRITTEN STATEMENT WAS NEVER BROUGHT INTO CONSIDERAT DURING THE DELIBERATION AND FINDING OF GUILT.

CONSTITUTIONAL RIGHTS FOR PRISONERS ~~XXXXX~~ CLEARLY STATES; "AN INMATE HAS A RIGHT TO DEFEND HIMSELF AGAINST PERSONAL HARM THREATENED BY THE UNLAWFUL ACT OF ANOTHER."

I DID NOT INSTIGATE THE FIGHT AND THAT FACT IN ITSEL SHOULD BE GROUNDS FOR REVIEW AND REVERSAL. EVERY MAN HAS A RIGHT TO DEFEND HIS MANHOOD, SUCH AS MYSELF.

1

## Texas Department of Criminal Justice

# STEP 2

PASO 2

## OFFENDER GRIEVANCE FORM

Forma Para Quejas de los Preso

Offender Name: Sidney Vallie　　TDCJ # 576106

Unit: Willacy　　Housing Assignment: 2D-6

Unit where incident occurred: Same as Above

OFFICE USE ONLY

Para Uso De La Oficiana Solament

Grievance #: 2002022909

UGI Rec'd Date: OCT 18 2001

HQ Rec'd Date: OCT 2 3 2001

Date Due: 11-22-2001

Grievance Code: 401

Investigator Number: 10000

☐ EM　☐ UOF　☐ ME
☐ ADA　☐ REL　☐ SSI

**Give reason for appeal (Be specific). I am dissatisfied with the response at Step 1 because...**

There was not an adequate investigation taken. The security film in the Education Hallway where we were fighting was not on until security was notified that a "Code Black" (fight in progress) was called. The camera was never on. I requested for the witness statement that I wrote to be submitted as evidence during the hearing. A violation of Wolf V Mc Donne 418 U.S. 539, 556, 94 S.Ct. 2693, 2974, 47 L.ED 935, 951 (1974) was implemented when my witness statement and the witness I requested to testify on my behalf was denied. My witness was Michael Russell # 920832 2D-0 he was at a legal visit with me at the unit Law Library with me when he was called to another table and told to "Clear" the table because something was about to "go down" in the Law Library but was not told who the inmate was. He (Michael Russell # 920832) was denied to give said testimony during the Disciplinary Hearing. The Education Officer was away from his assigned post. The fight started in front of his post. I explained to the D.H.O. L.D. Captain Montgomery that if I initiated the fight, I would be man enough to admit it

OCT 2 3 2001

I-128 Front (9/1/1999)　　　**PLEASE SIGN ON BACK**　　　(OVER)

3

Offender Signature: _Sidney Vallie_     Date: _10-15-01_

**Appellate Decision and Reason:**

☐ The Step 1 answer has addressed your complaint. No action will be taken.

☐ You have not provided a good reason for your appeal or for this office to review your claims further. No action will be taken.

☐ The issue you raise has been resolved or is pending resolution and no further action is warranted.

☐ The issues you present have already been reviewed. No further appeals of the same issues will be addressed. No action will be taken by this office.

Disciplinary case #20020026778 has been reviewed. You did participate actively in this fight. Your participation was not limited to protecting yourself; therefore it does not meet the criteria for a claim of self-defense only. There is no valid reason to overturn this case. No action is warranted. -d-tf

NOV 0 5 2001

Signature Authority: _Kelli Ward_     Date: _____

**Returned Because:**

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible*

☐ 3. Originals not submitted*

☐ 4. Inappropriate/Excessive attachments*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐ 6. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

*You may resubmit this issue once corrections are made.     Grievance Staff: _____

I-128 Back (9/1/1999)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *SIDNEY VALLIE,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-02-077 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## ORDER

Be it remembered that on this day came to be considered Respondent Cockrell's Motion for

Summary Judgment with Brief in Support, and the Court after considering the pleadings of the parties

filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED and DECREED that said Motion be, and it is hereby

GRANTED, and those claims be denied.

SIGNED on this the _____ day of _____, 2002.


_____

JUDGE PRESIDING