UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 9 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| SIDNEY VALLIE,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. B-02-077<br>§<br>§<br>§<br>§ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Sidney Vallie (Petitioner) has filed a timely 28 U.S.C. §2254 petition for a writ of habeas corpus. Petitioner's writ should be DENIED, and Respondent's Motion for Summary Judgment (Doc. # 7) should be GRANTED.

### BACKGROUND

Janie Cockrell, the Director of the Texas Department of Criminal Justice, Institutional Division, has lawful custody of Sidney Vallie pursuant to a judgment and sentence of the 184th District Court in cause number 581683. On December 11, 1990, Vallie pleaded guilty to the felony offense of theft, the court accepted his plea, found him guilty, and assessed punishment of twelve years imprisonment. A procedural history of any appeals or stat writ applications is not necessary for the disposition of the instant petition because the validity of Vallie's holding conviction is not directly at issue; rather, Vallie challenges a prison disciplinary proceeding.

In disciplinary case number 20020026778, Vallie was found guilty of engaging in a fight without a lethal weapon, a Level 1, Code 21 violation. On September 28, 2001, as a result of this

1

disciplinary case, Vallie's punishment was assessed at forty-five days of recreation and commissary restrictions, fifteen days of solitary confinement, and the loss of ninety days of good-time credits. On October 8, 2001, Vallie filed a Step One Grievance appealing the disciplinary proceeding. On October 9, 2001, Vallie's Step One Grievance was denied. Subsequently, on October 23, 2001, Vallie filed a Step Two Grievance. On November 5, 2001, Vallie's Step Two Grievance was denied. Petitioner filed the present federal writ on April 16, 2002.

## ALLEGATIONS

Petitioner Vallie alleges the following:

1) He received ineffective assistance of counsel because his counsel substitute failed to investigate and failed to offer mitigating evidence;

2) The charging officer presented inadmissible hearsay evidence and nothing tangible;

3) The charging officer was allowed to review her original written report before giving verbal testimony;

4) The Warden advised Petitioner not to file a Step Two appeal because he would help Vallie; therefore, the warden interfered with the right to appeal.[1]

## LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted upon a finding that there exists "no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."[2] In deciding a Motion for Summary

---

[1] See Fed. Writ Pet. at 8-9.

[2] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Judgment, the Court is not to weigh the evidence in an effort to determine the truth of the matter, but rather, the Court's function is to determine if there exists a genuine issue for trial.[3]

## ANALYSIS

*Ineffective Assistance of Counsel Claim*

Petitioner alleges that he received ineffective assistance of counsel because his counsel substitute failed to investigate and failed to present mitigating evidence. This claim is without merit and should be denied. Due process guidelines do not require "that inmates have a right to either retained or appointed counsel in disciplinary proceedings."[4] Accordingly, Vallie cannot obtain relief on a claim of ineffective assistance of counsel.

*Insufficiency of the Evidence Claim*

Petitioner Vallie claims the charging officer's testimony was inadmissible hearsay and that no tangible evidence was produced at the hearing. To the extent Vallie claims the evidence was insufficient, his claim is without merit.

The Fifth Circuit has held that disciplinary determinations "will not be disturbed unless they are arbitrary and capricious."[5] Due to the needs of prison security and protection, even "anonymous and merely generalized occusations [can] form the sole basis for disciplinary action against a prison inmate."[6] The court's role on review is only to "examine if the guilty finding has

---

[3] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[4] Wolfe v. McDonnell, 418 U.S. 539, 570, 94 S.Ct. 2963, 2981 (1974).

[5] Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995).

[6] Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992, 102 S.Ct. 1619 (1982).

'support of some facts' or 'any evidence at all.'"[7] Therefore, so long as there is "any evidence at all" to support the prison disciplinary officer's findings, the results of the hearing will be upheld.[8]

The record reflects that Vallie was found guilty of engaging in a fight without a weapon. The accusing officer's statement reflects she saw Vallie commissioned in a physical encounter, and she specifically stated that Petitioner "did engage in a fight with [another inmate] in the education hallway by repeatedly punching each other which followed by them wrestling each other to the ground."[9] Therefore, there was some evidence to support the hearing officer's finding that Vallie was guilty of engaging in a fight. Accordingly, this claim must fail.

*Charging Officer was Allowed to Review her Report Claim*

Petitioner's third claim fails to allege a federal constitutional violation. Whether the charging officer reviewed her report before testifying does not trigger any constitutional concerns. After reviewing the testimony and evidence which included Vallie's statement, the hearing officer concluded that the Petitioner did violate TDCJ-ID policies by "engaging in a fight."[10] Ultimately, Supreme Court precedent does not prohibit the charging officer from reviewing her report before testifying.[11] A disciplinary proceeding is not a criminal trial so this claim must also fail.

---

[7] Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001)(quoting Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986)).

[8] See Hudson, 242 F.3d at 536 (quoting Smith v. Rablais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992, 102 S.Ct. 1619 (1982)).

[9] See Exhibit B at 2-3.

[10] See Exhibit B at 1.

[11] See generally Wolfe, 418 U.S. 539 (1974).

*Denial of the Right to Appeal Claim*

Petitioner's claims that the Warden interfered with his right to file an appeal. This claim must also fail because it is frivolous. The record reflects that Vallie filed Step One and Step Two Grievance appeals.[12] Further, the record reflects Vallie's grievances were timely, and that the grievance officer reviewed the claims. Therefore, Petitioner's claim is frivolous because no one denied him his right to appeal the disciplinary proceeding.

## RECOMMENDATION

For the above stated reasons, Petitioner's 28 U.S.C. §2254 petition for a writ of habeas corpus should be DENIED, and Respondent's Motion for Summary Judgment (Doc. # 7) should be GRANTED. In this case, there exists "no genuine issue of material fact," and "the moving party is entitled to a judgment as a matter of law."[13]

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[12] See Exhibit C at 1-4.

[13] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

a failure to object.[14]

DONE at Brownsville, Texas this 29th day of October, 2002.

Felix Recio
United States Magistrate Judge

---

[14] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415, 1418 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIDNEY VALLIE,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-02-077 |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation be adopted. Furthermore,

Petitioner's 28 U.S.C. §2254 Petition is hereby DENIED, and

Respondent's Motion for Summary Judgment (Doc. # 7) is hereby GRANTED.

DONE in Brownsville, Texas on this _____ day of _____, 2002.


_____
Hilda G. Tagle
United States District Judge