/2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 17 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *SIDNEY VALLIE,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-02-077 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL,* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S RESPONSE TO THIS COURT'S ORDER OF
DECEMBER 5, 2002 AND RESPONDENT COCKRELL'S SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent, Janie Cockrell, Director ("the Director"), Texas Department of

Criminal Justice, Institutional Division ("TDCJ-ID"), through her attorney, the Attorney General of

Texas, and files this her Response to this Court's Order of December 5, 2002 and Respondent

Cockrell's Supplemental Motion for Summary Judgment with Brief in Support.[1] In support thereof,

the Respondent respectfully shows this court the following:

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§

2241, 2254.

---

[1] On December 5, 2002, this court ordered that Respondent address Vallie's Objections
(Doc. #10) in which he claimed that Respondent responded to the wrong disciplinary case. The
Respondent responds to Vallie's Objections by addressing the disciplinary case he challenges. While
the Respondent had inadvertently addressed the incorrect disciplinary case in her initial motion, the
Respondent did address the claims Vallie raised in the instant federal writ petition. Thus, the
Respondent has prepared this Supplemental Motion for Summary Judgment in response to the
correct disciplinary case Vallie challenges.

## II.

## DENIAL

The Director denies every allegation of fact made by Petitioner, Sidney Vallie ("Vallie"), except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Vallie pursuant to a judgment and sentence of the 184th District Court of Harris County, Texas, in cause number 581683. Exhibit A (commitment inquiry record with attached explanations). On December 11, 1990, Vallie pleaded guilty to the felony offense of theft, the court accepted his plea, found him guilty, and assessed punishment of twelve years imprisonment. Exhibit A.

A procedural history of any appeals or state writ applications is unnecessary for the disposition of the instant petition because the validity of Vallie's holding conviction is not directly at issue; rather, Vallie challenges a prison disciplinary proceeding.

In disciplinary case number 20010335448, Vallie was found guilty of soliciting assistance from and officer to violate a TDCJ-ID and employee rule, a Level Two, Code 30 violation. Exhibit B, at 1, 3.[2] On August 14, 2001, as a result of this disciplinary case, Vallie's punishment was assessed at forty-five days recreation and commissary restrictions, forty-five days cell restriction, and he lost ninety days of good-time. Exhibit B, at 1, 10. On August 14, 2001, Vallie filed a Step One Grievance appealing the disciplinary proceeding. Exhibit C, at 1.[3] On September 5, 2001, Vallie's

---

[2] The records for disciplinary case number 20010335448 are attached as Exhibit B. For the convenience of the court, the Director has numbered the pages of Exhibit B. TDCJ-ID sent one affidavit regarding this disciplinary proceeding, and it is attached to Exhibit C.

[3] The grievance records for disciplinary case number 20010335448 are attached as Exhibit C. For the convenience of the court, the Director has numbered the pages of Exhibit C. TDCJ-ID sent one affidavit regarding the disciplinary and grievance records; it is attached as part of Exhibit C. The hearing tape will be forwarded under a separate cover letter simultaneously with this motion; the affidavit attached to the hearing records states it encompasses the hearing tape as well.

Step One Grievance was denied. Exhibit C, at 2. Vallie did not file a Step Two Grievance. Exhibit C, Affidavit; Fed. Writ Pet., at 5. Vallie filed this federal writ petition on April 16, 2002. Fed. Writ Pet., at 1.

## IV.

## STATE COURT RECORDS

Records of Vallie's state court proceedings are irrelevant to the resolution of this case. Therefore, unless the court orders otherwise, the records will not be forwarded to the court. However, a TDCJ-ID computer record providing information regarding Vallie's conviction is attached as Exhibit A. Records of the disciplinary proceedings Vallie challenges are attached as Exhibit B. Records of Vallie's prison grievances regarding the challenged disciplinary proceeding are attached as Exhibit C. A copy of Vallie's hearing tape will be forwarded to this court under a separate cover letter filed simultaneously with this motion.

## V.

## PETITIONER'S ALLEGATIONS

The Director understands Vallie's allegations to be as follows:

1.  He received ineffective assistance of counsel because his counsel substitute failed to investigate and failed to offer mitigating evidence.

2.  The charging officer presented inadmissable hearsay evidence and nothing tangible.

3.  The charging officer was allowed to review her original written report before giving verbal testimony.

4.  The warden advised him not to file a Step Two appeal because he would help him; therefore, the warden interfered with the right to appeal.

Fed. Writ Pet., at 8-9.

## VI.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Director believes Vallie did not exhaust his administrative remedies with respect to disciplinary proceeding 20010335448 because he failed to file a Step Two Grievance. Exhibit C,

3

Affidavit.  Finally, because Vallie challenges a disciplinary proceeding, he was not required to file a state application for writ of habeas corpus.  *See Ex parte Brager,* 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) ("[t]his Court will not entertain claims concerning alleged violations of prison disciplinary procedures.").

Vallie filed his federal petition on April 16, 2002.  Fed. Writ Pet. at 1.  Therefore, this petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996, ( the "AEDPA").  *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997) (holding that the AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996).  As it relates to this petition, the AEDPA provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)    (i)    there is an absence of available State corrective process; or
>
>         (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1), (c) (2002).

Under 28 U.S.C. § 2254(c), an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c). In order to satisfy the exhaustion requirement, state prisoners must first seek redress in the state forum before bringing a federal habeas corpus action.  *Heck v. Humphrey,* 512 U.S. 477, 480, 114 S. Ct. 2364, 2369 (1994).  Also, before filing a federal petition for habeas relief, an inmate who alleges that his disciplinary proceeding is in error must first exhaust his administrative remedies by

4

following all internal dispute resolution procedures. TEX. GOV'T CODE ANN. § 501.008[4] (West 2002). As explained by the Supreme Court:

> Since [the] internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems. Moreover, because most potential litigation involving state prisoners arises on a day-to-day basis, it is most efficiently and properly handled by the state administrative bodies and state courts, which are, for the most part, familiar with the grievances of state prisoners and in a better physical and practical position to deal with those grievances.

*Preiser v. Rodriguez,* 411 U.S. 475, 492, 93 S. Ct. 1827, 1837 (1973); *see also Coleman v. Thompson,* 501 U.S. 722, 731, 111 S. Ct. 2546, 2555 (1991) (holding that the requirement that state prisoner exhaust available state remedies as to any of his or her federal claims prior to seeking federal habeas relief is grounded in principles of comity; in federal system, States should have first opportunity to address and correct alleged violations of state prisoner's federal rights.). Additionally, the Fifth Circuit has held that it must "adhere to the view that in habeas corpus cases the exhaustion principle has as much relevance in areas of administrative concern as it does where state judicial action is being attacked." *Lerma v. Estelle,* 585 F.2d 1297, 1299 (5th Cir. 1978), *cert. denied,* 444 U.S. 848, 100 S. Ct. 95 (1979); *see also Baxter v. Estelle,* 614 F.2d 1030, 1031-1032 ("a federal court may not grant habeas corpus relief to a petitioner who has failed to exhaust all administrative remedies, including an appeal to the Director of Corrections"), *cert. denied,* 449 U.S. 1085, 101 S. Ct. 873 (1981) (citation omitted); *Cf. Gartrell v. Gaylor,* 981 F.2d 254, 258 n.3 (5th Cir. 1993) (court held that it was within the discretion of the district court to require inmate to exhaust the TDCJ grievance procedures before proceeding with his civil rights action).

---

[4] An inmate may not file a claim in state court regarding operative facts for which the grievance system provides *the exclusive administrative remedy* until . . . the inmate receives a written decision issued by the highest authority provided for in the grievance system or (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the grievance is filed. TEX. GOV'T CODE ANN. § 501.008(d) (West 2002). *Cf. Ex parte Brager,* 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) ("This Court will not entertain claims concerning alleged violations of prison disciplinary procedures.").

In the instant case, Vallie did not proceed to the Step Two Grievance procedure. Exhibit C, Affidavit; Fed. Writ Pet., at 5. Thus, Vallie neglected to properly complete the prison's offender grievance dispute resolution procedure with regard to the disciplinary hearing that he challenges in the instant federal petition. Essentially, by filing his federal writ of habeas corpus, Vallie attempted to by-pass the Director's ability to review and, if necessary, correct any constitutional errors that might have occurred in his case through the state dispute resolution process. Therefore, his petition is unexhausted.

Further, because Vallie has failed to raise his claims before the Regional Director or the Deputy Director of the TDCJ-ID Offender Grievance office, which renders them unexhausted, it would be futile for him to raise them in any subsequent state review. If Vallie were to present his claims to the TDCJ-ID Offender Grievance office in another grievance form, he would be denied relief since the form must be timely filed within fifteen days of his hearing decision. If Vallie were to present his claims to the Texas Court of Criminal Appeals in a state writ, he would be denied relief since disciplinary actions are not cognizable on state habeas review. *Ex parte Palomo*, 759 S.W.2d 671 (Tex. Crim. App. 1988); *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986); *see also Ex parte Geiken*, 28 S.W.2d 553, 556 (Tex. Crim. App. 2000) (holding that the inmate classification decision itself is not subject to judicial review). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state remedies. *See Coleman*, 501 U.S. at 735, 111 S. Ct. at 2557. In such cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*

Although federal habeas corpus review is available when administrative remedies either are unavailable or wholly inappropriate to the relief sought, Vallie's failure to properly exhaust his administrative remedies is due to neither "an absence of a state corrective process," nor to circumstances rendering that process "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(i) and (ii) (2002). Moreover, exceptions to the exhaustion requirement for federal habeas corpus review apply only in extraordinary circumstances and Vallie bears the burden of showing the

6

futility of an administrative review. *State v. Fuller*, 11 F.3d 61, 62 (5th Cir. 1994); *See Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000) (holding that to overcome the procedural bar, a petitioner must demonstrate adequate cause for the default and actual prejudice resulting from such default). Vallie has failed to argue, much less establish, extraordinary circumstances, futility of the administrative process, or actual prejudice. Additionally, Vallie has not shown that he is actually innocent of the disciplinary offense committed. Accordingly, this court should find his claims barred under the federal procedural default doctrine.

**VII.**

**SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

**A.  Standard of review.**

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990), (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record developed shows that the Director is entitled to judgment as a matter of law.

**B.  Alternatively, Vallie's claims must be denied on their merits.**

> **1.  To the extent Vallie challenges the imposition of recreation and commissary restrictions, and the cell restriction, Vallie has failed to demonstrate actionable constitutional deprivations.**

As a result of disciplinary case number 20010335448, Vallie was deprived of forty-five days recreation and commissary restrictions, he received forty-five days cell restriction, and he lost ninety days of good-time. Exhibit B, at 1, 10. To the extent Vallie challenges the imposition of recreation, commissary, and cell restrictions, he has failed to demonstrate actionable constitutional deprivations.

7

The Due Process Clause is not implicated by these changes in the conditions of Vallie's confinement; therefore, he has not stated claims that are entitled to federal habeas corpus relief. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S. Ct. 2293, 2297 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997); *Sandin*, 515 U.S. at 485, 115 S. Ct. at 2301; *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S. Ct. 2963, 2974 (1974).

However, prisoners do not lose all constitutional rights when they are incarcerated. *Id.* In certain circumstances, states may create liberty interests which are protected by the Due Process Clause. *Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-84, 115 S. Ct. at 2300. "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. "[T]hese interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison*, 104 F.3d at 767.

Vallie's temporary loss of recreation, commissary, and cell restrictions do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. Rather, they constitute a change in the conditions of Vallie's confinement, and, therefore, do not implicate the protections afforded by the Due Process Clause. *See Id.* at 768 (thirty day commissary and cell restrictions do not implicate due process concerns); *see also Sandin*, 515 U.S. at 486, 115 S. Ct. at 2301 (holding that no liberty interest was implicated by placement in administrative segregation).

Therefore, in regard to the imposition of recreation and commissary restrictions, and solitary sanction, Vallie has not stated claims that are entitled to federal habeas corpus relief.

**2.    To the extent Vallie challenges the loss of good-time, his claim must fail.**

As a result of disciplinary case number 20010335448, Vallie was deprived of ninety days of good-time. Exhibit B, at 1, 10.

Under Texas law, good-time credits do not actually reduce an inmate's sentence. Rather, since 1977, good time credits affect the amount of a given sentence that an eligible inmate will have to serve before being released on parole or mandatory supervision. *See* TEX. CIV. STAT., art. 6181-1, § 4 (Vernon Supp. 1977) (good time credits "appl[y] only to eligibility for parole or mandatory supervision"), *currently* TEX. GOV'T. CODE §498.003(a) (Vernon 1998). A Texas prisoner does not possess a liberty interest in being released on parole. *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citations omitted). Thus, to the extent that Vallie contends that his parole eligibility has been adversely affected by the challenged disciplinary infraction, he does not state a basis for relief. *Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302.

However, the Supreme Court has held that states may, in some instances, create liberty interests that are protected by the Due Process Clause through the language of prison regulations. *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. In those cases, the standards for satisfying due process are set out in *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974). The *Wolff* due process procedures must be examined regarding disciplinary case number 20020026778 because good-time credits were taken away from Vallie, and he is eligible for mandatory supervision. *Malchi*, 211 F.3d at 958-9.

In general, prison disciplinary proceedings do not form part of a criminal prosecution, and, therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556, 94 S. Ct. at 2975. Due process requires that a prison inmate be provided with: (1) advanced written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals, and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563-67, 94 S. Ct. at 2978-80.

9

To the extent Vallie claims that his due process rights were violated, his claims must fail. First, Vallie was notified of the disciplinary charges in case number 20010335448 on August 8, 2001, and the hearing occurred on August 11, and August 14, 2001. Exhibit B, at 1. Further, Vallie did not waive advance notice to twenty-four hour notice of his hearing. Exhibit B, at 1. Second, Vallie was informed of his right to call witnesses and present documentary evidence. Exhibit B, at 8. Finally, Vallie was provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action. Exhibit B, at 1. Therefore, Vallie received the due process to which he was entitled to under *Wolf.*

### 3. Vallie's claim of ineffective-assistance-of-counsel fails.

Vallie alleges that he received ineffective-assistance-of-counsel because his counsel substitute failed to investigate and failed to present mitigating evidence. Fed. Writ Pet., at 7. This claim is without merit and must be denied. Due process guidelines do not require "that inmates have a right to either retained or appointed counsel in disciplinary proceedings." *Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S. Ct. 2963, 2981 (1974). Accordingly, Vallie cannot obtain relief on a claim of ineffective-assistance-of-counsel when there is no right to counsel.

### 4. Vallie's insufficiency-of-the-evidence claim fails.

Vallie claims the charging officer's testimony was inadmissible hearsay and that no tangible evidence was produced at the hearing. Fed. Writ Pet., at 7. To the extent Vallie claims the evidence was insufficient, his claim is without merit.

The Fifth Circuit has held that disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). Due to the needs of prison security and protection, even "anonymous and *merely generalized accusations* [can] form the sole basis for disciplinary action against a prison inmate." *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied,* 455 U.S. 992, 102 S. Ct. 1619 (1982) (emphasis added). The court's role on review is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King,* 779

F.2d 1040, 1044 (5th Cir. 1986)). Therefore, so long as there is "any evidence at all" to support the prison disciplinary hearing officer's findings, the results of the hearing will be upheld. *Hudson,* 242 F.3d at 536 (quoting *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied,* 455 U.S. 992, 102 S. Ct. 1619 (1982)). The record reflects that Vallie was guilty of soliciting assistance from an officer to violate a TDCJ-ID and employee rule. Exhibit B. The accusing officer's statement reflects she Vallie asked her "if [she] remembered him from housing 4 . . . he then proceeded to ask . . . if we could meet in some discreet places . . ." Exhibit B, at 3. Therefore, there was some evidence to support the hearing officer's finding that Vallie was guilty of soliciting assistance from an officer to violate a TDCJ-ID and employee rule. Accordingly, this claim fails.

### 5. Vallie's claim that the charging officer was allowed to view her report before testifying fails to raise a constitutional violation.

This claim fails to allege a federal constitutional violation. Whether the charging officer to reviewed her report before testifying is irrelevant. After reviewing the testimony and evidence to include Vallie's statement, the hearing officer concluded Vallie did violate TDCJ-ID policies by soliciting assistance from an officer to violate a TDCJ-ID and employee rule. Exhibit B. Finally, *Wolf* does not prohibit the charging officer from reviewing her report before testifying and as stated above in *Wolf, supra,* a disciplinary proceeding is not a criminal trial.

### 6. Vallie's claim that he was denied the right to appeal is conclusory.

Vallie claims the Warden interfered with his right to file an appeal. Fed. Writ Pet., at 8. This claim must fail because it is conclusory. The record reflects Vallie filed Step One Grievance appeal. Exhibit C. Thus, Vallie had the ability to file a Step Two Grievance, and the fact that he chose not to do so, was his choice. Therefore, this claim fails as conclusory because no one denied him his right to appeal the disciplinary proceeding by proceeding to a Step Two Grievance.

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Vallie's petition for writ of habeas corpus be denied.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

DON J. CLEMMER
Acting Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Lead Counsel

\*M. IRENE DELGADILLO
Assistant Attorney General
State Bar No. 24031568
Federal Bar Number 30831

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Petitioner, Sidney Vallie, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the court as soon as the business of the Court will permit.

M. IRENE DELGADILLO
Assistant Attorney General


## CERTIFICATE OF SERVICE

I, M. Irene Delgadillo, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Response to This Court's Order of December 5, 2002 and Supplemental Motion for Summary Judgment with Brief in Support with Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 12th day of December 2002, addressed to:

Sidney Vallie
TDCJ-ID No. 576106
Willacy State Jail
1695 S. Buffalo Drive
Raymondville, Texas 78580

M. IRENE DELGADILLO
Assistant Attorney General

# EXHIBIT  A

```
CSIMF800/INI801              COMMITMENT INQUIRY              05/16/02 07:07:18
INMTCICS/LHA9541 /JC01   TDCJ-ID NO: 00576106 SIDNO: 03636888
NAME: VALLIE,SIDNEY MICHAEL          APPL:        STATUS: A RS WI L1   #OFF: 04
OLD TDC#: 00000000 CNTY CONV: 101                                        73RD
OFF-REC:    2605 PRJ RL: 09-25-2002 REC:   02-07-1991 MAX-TERM:    4Y  0M  0D
PEN-REC: 032.310 MAX-EX: 09-01-2004 BEGIN: 09-01-2000 PAR-ELIG: 05-03-2001
                                            DEFADJ:     INMATE TYPE: TF
       OFFCD: 23170000 THEFT                                             72ND
         PENAL:031.030  MS:Y PLEA:G CAUSE:640210        CNT:     OFF:07-31-1992
         CC  CNTY OFF:101  CNTY/CRT:101 339 MAX TERM:  10Y  0M  0D  BEG:07-31-1992
         MIN EXP:04-08-2002 MAX:03-06-2003 PAR ELIG:01-01-0001 SENTENCED:08-03-1992
         OFF TDCNO: 00576106                        CTO DATE 01-01-0001
       OFFCD: 23170000 THEFT                                             70TH
         PENAL:031.030  MS:Y PLEA:G CAUSE:581683        CNT:     OFF:11-20-1990
         CC  CNTY OFF:101  CNTY/CRT:101 184 MAX TERM:  12Y  0M  0D  BEG:11-20-1990
         MIN EXP:05-30-2002 MAX:12-18-2003 PAR ELIG:12-17-1994 SENTENCED:12-11-1990
         OFF TDCNO: 00576106                        CTO DATE 01-01-0001
       OFFCD: 26050005 CREDIT CARD ABUSE                                 73RD
         PENAL:032.310  MS:Y PLEA:G CAUSE:854587        CNT:     OFF:09-01-2000
         CC  CNTY OFF:101  CNTY/CRT:101 262 MAX TERM:   4Y  0M  0D  BEG:09-01-2000
         MIN EXP:09-25-2002 MAX:09-01-2004 PAR ELIG:05-03-2001 SENTENCED:09-26-2000
         OFF TDCNO: 00576106                        CTO DATE 01-01-0001
    PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____  OR SID _____
```

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION
## COMMITMENT INQUIRY INFORMATION

The Director does not have a copy of the judgment and sentence documenting Vallie's conviction in cause number 581683. However, the Director has obtained the Texas Department of Criminal Justice, Institutional Division computer generated commitment inquiry and provides the following:

a) "OFFCD: 23170000" - identifies the National Crime Information Center offense code for the felony offense of theft.

b) "PENAL: 031.030" - identifies the Texas Penal code violation for theft.

c) "MS: Y" - indicates Vallie is eligible for mandatory supervision release.

d) The term "PLEA: G" reflects Vallie pleaded guilty.

e) "CAUSE: 581683" - reflects the Criminal District Court cause number for Vallie's case.

f) "CNTY  OFF: 101" - identifies the offense in this conviction occurred in Harris County, Texas, with 101 being the TDCJ-ID numeric designator for Harris County.

g) "CNTY/CRT: 101 184" - identifies the county where the conviction occurred as Harris County, Texas and the convicting judicial district court for this case as the 184th Judicial District Court.

h) "MAX TERM: 12Y" - reflects a twelve-year sentence.

i) "SENTENCED: 12-11-1990" - reflects a December 11, 1990 sentencing date.

# EXHIBIT  B



# WCC

WILLACY COUNTY STATE JAIL
1695 South Buffalo Drive ♦ Raymondville, Texas ♦ 78580
Telephone 956-689-4900 ♦ Fax 956-689-4001

## AFFIDAVIT
### Disciplinary Hearing and Record

**THE STATE OF TEXAS**
**COUNTY OF WILLACY**

My name is **David Forrest**. I am over eighteen years of age, of sound mind, capable of making this Affidavit, and personally aquatinted with the facts herein stated.

I am employed as the **Senior Warden** at the Willacy State Jail of the Texas Department of Criminal Justice, State Jail Division, and my office is located in Raymondville, Texas. I do hereby certify that I am the custodian of records maintained in the regular course of business on each and every inmate incarcerated at the Willacy State Jail of the Texas Department of Criminal Justice State Jail Division.

I have reviewed Disciplinary Hearing and Record Document within the file on inmate **Vallie, Sidney**, TDCJ number **576106**. I do hereby certify that the attached copies of documents are true and correct copies of the original records now on file in my office and in my custody. I have further certify that the records attached hereto are maintained in the usual and regular course of business at the Willacy State Jail of the Texas Department of Criminal Justice State Jail Division, and that such records are maintained on each and every inmate confined here. All memoranda, report, records or data compilations kept therein were made on or near the time or reasonably soon there after by an employee with knowledge of this condition, opinion, or diagnosis or bases upon information received from and employee with such knowledge. These records are kept in the regular course of business of this institution to make such memoranda reports, or data compilations.

I swear under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of August 2002.


Name: David Forrest
Position: Senior Warden
Willacy State Jail
Texas Department of Criminal Justice,
State Jail Division

Before me, _____, on this day personally appeared _____ (1) known to me (or) (2) proved to me on the oath of _____(or) (3) prove to me through_____, to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of officer this_____ day of _____, A.D. 20_____

_____
Notary Public in and for the State of Texas.

COLETTE WATT
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-25-2005

# TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20010335548 TDCJ-NO: 00576106 NAME: VALLIE,SIDNEY MICHAEL          SO: 8.8
UNIT: UI   HSNG: 8TR   16        JOB: PRE-HEARING DETENTION           TG: 08A
CLASS: S4   CUST: MI   PRIMARY LANGUAGE: ENGLISH        RHRR RESTRICTIONS:   NO
GRADE: MA   UER   OFFDATE: 09/07/01  09:35 AM  LOCATION: UI WINDHAM CLASSROOM
TYPE: LTF

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT THE LIBRARY, OFFENDER:  VALLIE,SIDNEY
MICHAEL, TDCJ-ID NO. 00576106, DID SOLICIT ASSISTANCE FROM OFFICER HERNANDEZ TO
VIOLATE A TDCJ AND EMPLOYEE RULE, IN THAT SAID OFFENDER ASKED IF I REMEMBERED
HIM FROM HOUSING 4 AND IF WE COULD MEET IN SOME DISCREET PLACES.

CHARGING OFFICER: HERNANDEZ, M.                      SHIFT/DAYS: 1 H

## OFFENDER NOTIFICATION   IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED: 4:17 PM   8/8/01   BY: (PRINT)   A. Reyes
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES) NO   IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X OFFENDER  HANDCUFFED DATE: 8/8/01
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____                 DATE: _____

## HEARING INFORMATION

HEARING DATE: 8-11-01 TIME: 3:00 PM TAPE# 564 SIDE# A START# 342 END# 44
             8-14-01       4:00 PM TAPE# 564 SIDE# A START# 493 END# 534
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF INTERPRETER USED. (SIGNATURE)

PHD 8-7-01 for for digital and Report "the charging
officer was notified, inconsistent" statement of
charging, if she said "look "secret Places" "I found not
                                        soliciting."

OFFENDER PLEA: (G, NG) NONE: NG
FINDINGS: (G, NG, DB) ____

REDUCED TO MINOR (PRIOR TO DOCKET): ____ (DOCKET): ____ (HEARING): ____ BY: (INITIAL): ____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A) ADMISSION OF GUILT, B) OFFICER'S REPORT, C) WITNESS TESTIMONY, D) OTHER
EXPLAIN IN DETAIL: (B) officers report (D) testimony of
charging officer, at hearing, addressing that the accused
did not ask her about any tape, but that I denie need had
                                                     15 from from H4
                                              and longer of
                                                   disiplt plea

## PUNISHMENT

LOSS OF PRIV(DAYS): 45   REPRIMAND: ____            SOLITARY(DAYS): ____
*RECREATION(DAYS): 45   EXTRA DUTY(HOURS): ____     REMAIN LINE 3: ____
*COMMISSARY(DAYS): 45   CONT.VISIT SUSP THRU __/45   REDUC.CLASS FROM S4 T0 L1
*PROPERTY(DAYS): ____   CELL RESTR(DAYS): ____      GOOD TIME LOST(DAYS): 90
*_____(DAYS): ____     SPECIAL CELL RESTR(DAYS): ____   DAMAGES/FORFEIT $ ____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
                    nature of offense,

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) ____ (NO) / NO
DATE PLACED IN PRE-HEARING DETENTION: 8-7-01   HEARING LENGTH  15   (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: Handcuffed

L.O. Montgomery      D. Frost                                      -1-

CASE#: 20010335448,  TDCJ # 00576106,  NAME: VALLIE,SIDNEY MICHAEL

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:
   A. _8/8/01_, REVIEW CASE: _____
   B. _____, INTERVIEW ACCUSED: _____
   C.NAME OF INTERPRETER USED: _____

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

   _8/8/01_  CONCLUDE INVESTIGATION_____

4. ON _____, THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE
   INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT. THE CHARGING OFFICER WAS
   ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED
   IN THE REPORT: _____

   _____
   _____
   _____
   _____

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED: _____

   _____
   _Charging officer's Report_____
   _____

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES: _____

   _____
   _Offender's will steal contraband._____
   _____

COUNSEL SUBSTITUTE PRINTED NAME: _A. Reyes___    TITLE: _C/S_

COUNSEL SUBSTITUTE SIGNATURE: _A. Rey___         DATE: _8/8/01_
CS-10.118                                        REVISED 04/99

-2-

Z0010335448

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## OFFENSE REPORT

Formal Resolution App?
Officer          Y  N
Supervisor       Y  N

Case No. _____
MH-IR Res? _____
PHD _____

(1) TDCJ-No. 576106    (2) Offender Vallie, Sidney Michael (3) Unit Willacy County
                                      (Last Name, First)

(4) Housing Assign: H4D-36    (5) Job Assignment: Full time student

(6) Offense Level, Code Title: Level 2 Code 30 A. Soliciting Assistance from an Officer.

OFFENSE DESCRIPTION: On 8-07-01 at 9:35 AM/PM. and at Library - Support Building
                         (7) Date •   (8) Time            (9) Enter Specific Location

Offender Vallie, Sidney Michael                    TDCJ No. 576106
did solicit assistance from Officer M.A. Hernandez,
to violate a TDCJ-ID Rule: Level 2 code 30 A,
Soliciting from an officer.

(10) Additional Information: On 8-07-01, at 9:35 a.m. while I was
on duty in the Library, offender Vallie, Sidney Michael,
approached me, officer M.A. Hernandez, as I was standing
by the desk in the Library and asked me if I remembered
him from housing 4. I acknowledged that I did. He
then proceeded to ask me if we could meet in
some discreet places. I told him, "No I don't think
so". He then returned to his seat in the law
Library.

(Continue on additional sheet if necessary)

(11) Witness: none

(12) Accusing Officer/Employee: Printed Name/Rank: Mary Ann Hernandez C/o

(13) Signature: Mary Ann Hernandez  (14) Shift/Card _____ (15) Date 8-07-01 (16) Time 10:30 a.m.

(17) Approving Supervisor's Printed Name: Ortega I  Lt  (18) Date 8-7-01

(19) Grading Official (Print): _____  (20) Rank: _____ (21) Date 8-8-2001

(22) Grade: (Circle One)  IR  UP  NI  MA  (23) Justification to override Informal Resolution: _____

B-

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: __Vallie Sidney michael__     TDCJ No. __576106__

Date & Time Investigation started: ___8-7-01___

1. **ELEMENTS OF CHARGE.** Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

    Offense Code _30A_: Yes [✓] No [ ]    Offense Code _____: Yes [ ] No [ ]
    Offense Code _____: Yes [ ] No [ ]    Offense Code _____: Yes [ ] No [ ]

2. **ADDITIONAL INFORMATION.** Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

    _N/A_ a.  listing other witnesses to the incident.
    _No_ b.  documentary evidence. e.g., photographs of contraband, etc.
    _yes_ c.  additional information about the offense.

3. **ACCUSED OFFENDER** states that: (Print interpreter's name if applicable):

First of all I didn't solicite her she miss understood my statement I was asking her about a title of a book called Secreet places. My intension was not to solicte her I do not want a peersonal relationship.

4. **ACCUSING OFFICER** states that: On Aug. 7, 2001, offender Vallie, Sidney Michael approached her in the Library and asked her to meet him in discreet places.

5. **WITNESS STATEMENTS** (List employee or offender; attach statements to report): _____

    _N/A_

6. **DOCUMENTATION.** Documents reviewed (lay-ins, appointments, medical records, etc.)
☐ Lay-ins, ☐ Roster, ☐ Medical Records, ☐ Picture, ☐ Other (List & attach to report)

    _N/A_

| _Salazar A_ | _Sgt_ | _4-7-01_ |
|---|---|---|
| Name of Investigating Officer (Print) | Rank | Date & Time Investigation Completed |

7. **INFORMAL RESOLUTION** was not appropriate or not possible because:

    offender did solicite assistance from an officer

| _Ortega T_ | _Lt_ | _8-7-01_ |
|---|---|---|
| Approving Supervisor's Printed Name | Rank | Date |

4-

ON 8-7-01, I WAS IN THE LAW LIBRARY DURING THE 9:15AM COUNT, AN O.J.T., MS. HERNANDEZ WAS TRAINING. APPROXIMATELY 9:40 - 9:45AM I WAS WAITING ON COUNT TO CLEAR AND PREPARING TO LEAVE. MS. HERNANDEZ WAS IN THE GENERAL LIBRARY SECTION. I LOOKED A FEW BOOKS OVER AND THOUGHT ABOUT A BOOK A LADY FRIEND OF MINE ASKED ME TO READ THAT'S POPULAR AMONG FEMALES TITLED "SECRET PLACES". I ASKED MS. HERNANDEZ HAD SHE EVER READ "SECRET PLACES" AND SHE SAID, "NO, I DON'T THINK SO". I LEFT HER PRESENCE BECAUSE SHE SEEMED TO HAVE AN ATTITUDE ABOUT THE QUESTION.

I FIGURED HER ATTITUDE WAS DUE TO HER BEING AN OFFICER, AND ME BEING AN OFFENDER, SO SHE SHOWED ME ATTITUDE. MS. HERNANDEZ NEVER REPORTED THE INCIDENT TO THE LAW LIBRARY OFFICER. IF SHE WAS SO SHOOK UP OVER THE ALLEGED STATEMENT I MADE TO HER ABOUT MEETING ME IN DISCREET PLACES, THEN WHY DID'NT SHE REPORT TO THE OFFICER THAT WAS TRAINING HER AT THE TIME? WHY DID SHE WAIT 15 OR 20 MINUTES AND REPORT TO C/O MORENO WHOM WAS NOT EVEN IN THE AREA AT THE TIME OF THE INCIDENT? THIS IS A MERE CASE OF MISCOMMUNICATION, MISUNDERSTANDING AND A RUSH TO A JUDGEMENT. IT'S HER WORD AGAINST MINE, BUT HER WORD HAS MORE WEIGHT. ME I AM PRESUMED GUILTY.

-5-

THE CONSEQUENCES FOR A CASE OF THIS LEVEL
AND MAGNITUDE IS SEVERE AND I DON'T WANT TO
BE MADE AN EXAMPLE OUT OF BECAUSE THIS IS
A NEW OFFICER AND TO SEND A MESSAGE TO OTHER
OFFENDERS. IT WOULD BE JUSTICE IF I WAS GUILTY
AND I WOULD'NT DISPUTE. I HAVE BEEN APPROVED BY
THE BOARD OF PARDONS AND PAROLE TO BE RELEASED
ON JUNE 10, 2002, LESS THAN A YEAR AND COULD
BE APRIL OF 2002 WITH AN S.A.T. 3. I WOULD
NEVER RISK LOOSING MY DATE OF 9 OR 10 MONTHS,
A SUBSTANTIAL AMOUNT OF GOOD-CONDUCT TIME,
(IF NOT ALL OF MY GOOD TIME) AND MY TRUSTY
STATUS, WHICH I TRY HARD TO MAINTAIN. I

I DO NOT WISH TO ENGAGE OR ESTABLISH
ANY TYPE OF PERSONAL RELATIONSHIP WITH ANY
FEMALE ON THE WILLACY UNIT. I WILL NOT
ATTEMPT TO TAKE ADVANTAGE OF A NEW FEMALE
OFFICER BY MAKING A PASS AT HER AND NOT
KNOWING HOW SHE WOULD REACT. I DO NOT GO AROUND
MAKING PASSES OR TRYING TO "COME ON" TO ANY OF
THE FEMALES HERE. IT'S JUST NOT WORTH IT.

I HAVE WITNESSED THE OUTCOME OF INMATES
THAT GET FOUND GUILTY OF SUCH ACTS AND OR
ATTEMPTS. 730 DAYS GOOD TIME, A REDUCTION IN
2 LINE CLASSES AND MEDIUM CUSTODY. NO FEMALE
HERE IS WORTH THE CHANCE. I AM NOT ONE
TO CAUSE TROUBLE ON THIS UNIT, AND IT SHOULD BE CONSIDERED.

— 6 —

3

*IN ADDITION TO THAT, I am DUE FOR PROMOTION 9-12-01

MY DISCIPLINARY RECORD INDICATES THAT

I am NOT A TROUBLE MAKER. I am HALF-WAY

THROUGH Small ENGINE REPAIR AND I ENJOY

THE CLASS AND WISH TO COMPLETE IT.

THIS CASE COULD HINDER AND NULLIFY ALL

THAT I HAVE ACCOMPLISHED AND STRIVED FOR.

I am AWARE OF THE PREVIOUS RELATIONSHIPS

THAT WAS EXPOSED RECENTLY ON THE UNIT AND

I FEEL VICTIMIZED BY THE ACTIONS OF OTHER

INMATES AND OFFICERS THAT WAS CAUGHT

ENGAGING IN ACTS AGAINST T.D.C.J.-IA'S

POLICY. MY PLEA IS NOT GUILTY TO THE FULLEST

DEGREE. WHY WOULD A PERSON OF MY I.Q.,

EDUCATIONAL BACKGROUND AND SOUND REASONING

ASK SUCH AN UNORTHODOX QUESTION KNOWING

THERE IS NO DISCREET PLACES ON THE WILLACY

UNIT? PAST INCIDENTS IS CONCRETE

AND CLEAR PROOF. IT'S JUST IS'NT LOGICAL

FOR A PERSON OF MY STANDARDS TO MAKE SUCH

AN INMATURE STATEMENT AND APPROACH.

AN APPROACH OF THAT MANNER JUST DOES NOT

FIT MY DISPOSITION. THE MOST DIFFICULT AND

COMPLEX ASPECT OF THIS CASE IS THAT THE

CHARGING OFFICER c/o M. HERNANDEZ CANT PROVE

I MADE THE STATEMENT AND I CAN'T PROVE I

DID'NT. THE DECISION AND MY FREEDOM AND,

FUTURE IS LEFT UP TO THE D.H.O. *Sidney Vallie #576106*

*SPECIAL NOTE* CAMERAS ARE EVERYWHERE TO PROVE THERE ARE NO DISCREET PLACES JUST

-7-

S0SP040
UI - UI19                    T.D.C.J.                    2001/08/08
                    SERVICE INVESTIGATION WORK SHEET              10:08:32

CASE#: 20010335448, TDCJ # 00376106, NAME: VALLIE,SIDNEY MICHAEL
CURRENT UNIT: UI,  HOUSING: BTR    16,   CLASS: S4,  CUSTODY: MI,  TYPE: F:
OFFENSE DATE: 080701, TIME: 09 : 35 AM, LOCATION: UI    WINGHAM CLASSROOM ,
CHARGING OFFICER: HERNANDEZ, M.                                SHIFT/CARD: 1/H,
OFFENSE CODES: A) 30 . 0,    B)          C)        D)
DESCRIPTORS:    A)          , B)         , C)       , D)
PLEA:          A)  **NG**    , B)         , C)       , D)
CLERK RCVD: 080801, SERVICE LAPSE DATE: 090601 ,       SERVICE DATE: **8/8/01**
CS ASSIGNED: **A. Reyes**                         ,   SERVICE TIME: **4:17PM**

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

(A.) ACCUSED IN ANY FORM OF          E. ACCUSED HAS REQUESTED COUNSEL
     SEGREGATION                         SUBSTITUTE
 B. EA BELOW 5.0  TO BELOW 73         F. ACCUSED HAS REQUESTED WITNESS WHO
 C. LITERACY IS QUESTIONABLE             CAN NOT ATTEND THE HEARING
 D. ACCUSED HAS DIFFICULTY UNDER-     G. COMPLEXITY OF CASE WARRANTS COUNSEL
    STANDING ENGLISH                     SUBSTITUTE

=============================================================================
 A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:    YES ✓ NO
 B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                                         RULES AND PROCEDURES:  YES ✓ NO
 C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                              ALLEGED OFFENSES WERE VIOLATED:  YES ✓ NO

    IF NO, EXPLAIN: _____
=============================================================================
1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:               YES / NO
 A. TO CALL AND QUESTION WITNESSES -                                  ✓
 B. TO PRESENT DOCUMENTARY EVIDENCE                                   ✓
 C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                           ✓
 D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING          ✓
 E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS  ✓
 F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING        ✓
=============================================================================
2. THE ACCUSED REASONS AND/OR DEFENSE: _Offender Wishes Statement._

_____
_____
_____
_____
_____
_____
_____

A. REQUESTED WITNESSES _____
    _Mandani (Law Library)_  _Did Not See Anything or hear Anything._
    _As I was In the other Room._
    _Was not going to hit other._
B. REQUESTED DOCUMENTARY EVIDENCE: _____
_____
        _None_
_____

CS-10.114                                        REVISED 04/75

                                                        -8-

```
  305F005                   T.D.C.J. - INSTITUTIONAL DIVISION              08/08/01
  UI - UI19                        MAJOR GRADING REPORT                    09:13:54

                                                                          PAGE    1
  TDCNO: 00576106       NAME: VALLIE.SIDNEY MICHAEL          GOOD TIME: GOOO 07 22
  CLASS: S4          CUSTODY: MI                             WORK TIME: GOOO 05 17
  RESTRICTIONS:


  **** LAST 180 DAYS CONVICTIONS
   OFF     HEAR   REPORT        OFF                  ***********PENALTY(S)**********
   DATE    DATE   NUMBER        CODE DESCRIPTORS LVL    REF/BDL/CLASS/ TIME/XO/CR/PR/CV


  031201 032801 20010189207 30.0 SH          R HI A X                      DG 020
           END OF CONVICTIONS FOR LAST 180 DAYS


  ***** PENDING CASES
   OFF DATE      CASE NUMBER     OFF CODE    DESCRIPTORS   GRADE   DISPOSITION

   080701        20010335448       30.0
           END OF PENDING CASES
```

_9_

TDCSP040                    T. D. C. J.                    2001/08/09.
UI - UI19.              HEARING WORK SHEET                  07:51:13

CASE#: 20010335448,  TDCJ # 00576106,  NAME: VALLIE,SIDNEY MICHAEL
CURRENT UNIT: UI ,  HOUSING: 8TR  16 ,  CLASS: S4,  CUSTODY: MT,  TYPE: F
OFFENSE DATE: 08070 ,  TIME: 09 : 55 AM, LOCATION:  UI   WINDHAM CLASSROOM ,
CHARGING OFFICER: HERNANDEZ, M.                          SHIFT/CARD: 1/H.
OFFENSE CODES: A) 30 . 0,   B)        ,  C)       ,  D)
DESCRIPTORS:   A) _____ , B) _____ , C) _____ , D) _____
PLEA:          A) **NG**  , B) _____ , C) _____ , D) _____
FINDING:       A) **G**   , B) _____ , C) _____ , D) _____
HEARING LAPSE DATE: 082801, FROM **CUM** , DS: AR , SERVICE DATE: 080801
HEARING DATE/TIME **8/11/01  3:5 PM  (CONT)** **8/14/01  4th** SERVICE TIME: **4:17PM**
ACCUSED OFFENDERS OFFENSE: _____

**Offender presented at the hearing by c/s Reyes**

WITNESSES: _____

EVIDENCE: _____

A. CHARGING OFFICER'S STATEMENT: Hernandez, M.  **Asked me If I remembered
him from housing. Then he asked me if we could me in
some discret places.**

B. ACCUSED OFFENDER'S STATEMENT AT HEARING:  **Offender's statement (written)**

C. HEARING NOTES: _____
_____
_____
_____
_____
_____

INTERPRETER USED: _____ DOCUMENTARY EVIDENCE _____
WITNESSES PRESENT OR TESTIMONY (CS-09) ENTERED: _____
ACKNOWLEDGE MODIFICATION: _____ OBJECTIONS: _____
SUMMATION/MITIGATION **Ask for lenient punishment, & found guilty.**

**Ask for credit.
NO MA CAses**

-PRESENTATION CONCLUDED, VALLIE,SIDNEY MICHAEL
WOULD YOU LIKE TO SAY ANYTHING ELSE? YES ___, NO **✓**

CS CHECK LIST:              YES NO N/A
OFFENDER PRESENT          ___ ___ ___         NON-FRIVOLOUS EVIDENCE    **✓** ___ ___
CS-14                     ___ ___ **✓**        CROSS EXAMINATIONS       ___ **✓** ___
SANCTIONS ASSESSED:                            CREDIT (PHD)             ___ ___ **✓**
LOSS OF PRIV. **45** . REPRIMAND      **✓**      SOLITARY             **15**
RECREATION **45** . EXTRA DUTY      ____        REMAIN L S
COMMISSARY **45** . CONT. VISIT THRU ____        REDUC. CLASS FROM **S4** TO **U**
PROPERTY     ___ . CELL REST        **45**       GOOD TIME LOSS       **90**
             ___ . SPECIAL CELL     ____        DAMAGES              $
CS-17                                                         REVISED  04/99

                                                              — 10

# EXHIBIT  C

# WCC



**WILLACY COUNTY STATE JAIL**
1695 South Buffalo Drive • Raymondville, Texas • 78580
Telephone 956-689-4900 • Fax 956-689-400

December 11, 2002

Reference: Affidavit of Grievance # 2001228094 (Case # 20010335448)

I, David M. Rogde, Grievance Lieutenant - Willacy State Jail, do hereby confirm that the attached Grievance Record is a true and accurate document concerning offender Sidney Vallie TDCJ # 576106. I also confirm that Offender Vallie did not submit a Step 2 grievance for review on Case # 20010335448.

Sincerely,

*Lt. David M. Rogde*

Lt. David M. Rogde
Willacy State Jail

Subscribed and sworn to before me
On: _December 11, 2002_

Notary Public, State of Texas

```
EVANGELINE GUTIERREZ
Notary Public, State of Texas
My Commission Expires
November 25, 2006
```

My Commission expires: _11- 25- 06_

12/09/02  MON 14:00 FAX 956 083 4001    WACKENHUT COR RAYMONDV    ☐002



# STEP 1
## PASO 1

## OFFENDER GRIEVANCE FORM
Forma Para Quejas de los Preso

ra Uso De La Oficiana Solamente

Grievance #: 200|228094
Date Received: __ AUG 1 3 2001
Date Due: __ 09-22-2001
Grievance Code: 401
Investigator Number: Io920

☐ EM    ☐ UOF    ☐ MED
☐ ADA    ☐ REL    ☐ SSI

fender Name: SIDNEY M. VALLIE ___ TDCJ # 576106

it: WILLACY ___ Housing Assignment: BTR # 16

it where incident occurred: SAME AS ABOVE

---

u must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when ealing the results of a disciplinary hearing. CAPTHIN DELAROSA

o did you talk to (name, title)? I WAS PROMISED TO SEE WARDEN (DENIED) when? 8-7-01

at was their response? TO CHARGE ME WITH SOLICITATING TO AN OFFICER (CODE 30)

at action was taken? I WENT TO SOLITARY CONFINEMENT

te your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

THIS GRIEVANCE IS BEING FILED PURSUANT TO TEXAS GOVERNMENT CODE,
SECTIONS 497.007, 500.003, 556.004, 556.007, 614.023 AND
CHAPTER 571 AMERICAN CORRECTIONAL ASSOCIATION STANDARDS: 3-4010,
3-4061. ALSO, THIS PURSUANT TO EMPLOYEE RULES OF CODE AND CONDUCT.
    ON 8-7-01, C/o MARY A. HERNANDEZ VIOLATED RULE # 10 OF THE EMPLOYEE
RULE OF CODE AND CONDUCT WHICH IS FALSIFICATION OF RECORDS --
VIOLATION LEVEL 2. THE ABOVE MENTIONED RULE STATES: EMPLOYEES
ARE REQUIRED TO MAINTAIN AND SUBMIT TRUTHFUL, ACCURATE AND COMPLETE
RECORDS AND INFORMATION AS REQUIRED BY THE AGENCY. FALSIFICATION OF
RECORDS ALSO INCLUDES ALTERING DOCUMENTS TO REFLECT FALSE
INFORMATION OR THE OMISSION OF MATERIAL INFORMATION.
    BY SIGNING OR SUBMITTING A DOCUMENT, AN EMPLOYEE IS ATTESTING
TO THE TRUTHFULNESS, ACCURACY, AND COMPLETENESS OF THE INFORMATION.
C/o MARY A. HERNANDEZ FAILED TO ADHERE TO THE ABOVE MENTIONED
RULE WHEN WROTE DISCIPLINARY REPORT # 200103354 48. THE STATEMENT
SHE SAID I MADE IS FALSE AND SAID OFFICER MOVED TO DOCUMENT
STATEMENT AND SIGNED THE REPORT AS BEING TRUE. C/o MARY A. HERNANDEZ
DOCUMENTED THAT I SAID OR MADE A SOLICITATING STATEMENT
TOWARD HER BY SAYING, "MEET ME IN DISCREET PLACES" DESPITE THE FACT
THAT THERE IS NO DISCREET PLACES HERE ON THE WILLACY UNIT, DUE TO
A NUMEROUS AMOUNT OF SECURITY CAMERAS IN CONSTANT OPERATION 24 HOURS.
    THE STATEMENT I MADE TO C/o MARY A. HERNANDEZ WAS, "HAVE YOU EVER
READ SECRET PLACES" IF C/o MARY A. HERNANDEZ DID NOT FULLY UNDERSTAND
MY STATEMENT OR QUESTION, SHE SHOULD'VE ASKED ME TO REPEAT MYSELF TO
OBTAIN A FULL UNDERSTANDING AND NOT JUMP TO CONCLUSIONS AND ASSUME,
WHICH HAS LED TO A RUSH TO JUDGEMENT BY SENIOR SECURITY STAFF, A MAJOR

7 Front (9/1/1999)          PLEASE SIGN ON BACK          (OVER!)

CASE FOR ME AND SOLITARY CONFINEMENT AND A DISRUPTION OF MY
NORMAL DAILY ACTIVITIES. I DO NOT WISH TO ESTABLISH A
RELATIONSHIP WITH ANY EMPLOYEE OF THIS STATE AGENCY AND
I DO NOT FIND C/o MARY A. HERNANDEZ DESIRABLE ENOUGH TO
RISK LOOSING MY CURRENT OUT DATE OF 6-10-02 LESS THAN A YEAR.
SHE IS JUST NOT WORTH IT! TO DOCUMENT FRADULENT INFORMATION
WHILE STILL TRAINING IS A WARNING SIGN OF FUTURE MISCONDUCT
ANY VERY UNPROFESSIONAL WORK ETHICS. UNETHICAL BEHAVIOR ~~OF A STAFF~~
SHOULD BE ADDRESSED, ESPECIALLY WHILE STILL TRAINING SO OTHER
INMATES WON'T HAVE THE SAME EXPERIENCES IAM HAVING.
THIS IS A CASE OF MISCOMMUNICATION AND SHOULD BE
TREATED AS SUCH.

tion Requested to Resolve your Complaint. **ADMINISTRATIVE ACTION. NULLIFY CASE**
**# 200103335448 DUE TO FALSE REPORTING AND**
**DOCUMENTATION.**

(ender Signature: *Sidney Vallee*    Date: **8-10-01.**

ministration's Decision

] Mandatory referral to IAD (Grievance worksheet attached)

] No action warranted (Explain).

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

Nothing presented on grievance can refute the evidence presented at hearing. Your involvement
was clearly established. No further action warranted.

gnature Authority: _____ *D Jones* _____    Date: **SEP 0 5 2001**

you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1
ponse. State your reason for appeal on the Step 2 form.

:turned because:

] 1. Grievable time period has expired.

} 2. Submission in excess of 1 every 7 days*

} 3. Original not submitted*

} 4. Inappropriate/excessive attachments*

| 5. No documented attempt at informal
resolution.*

'ou may resubmit this issue once corrections are made.

□ 6. No requested relief is stated.*

□ 7. Malicious use of vulgar, indecent, or physically
threatening language directed at an individual.

□ 8. The issue presented is not grievable.

□ 9. No remedy exists.

□ 10. Illegible/Incomprehensible*

□ 11. Inappropriate (request is for employee disciplinary
action or consequential or punitive damages).

127 Back (9/1/1999)    UGI: _____

## GRIEVANCE INVESTIGATION WORKSHEET
### Restricted & Confidential
### WILLACY STATE JAIL

| GRIEVANCE OFFICE USE ONLY | | | | STEP 1 |
|---|---|---|---|---|

| Unit: WI    UGI:  I0920  F. Barrera | Date Initiated: 08-13-2001 | Date Completed: 08-30-2001 |
|---|---|---|
| Offender Name: Vallie, Sidney | TDCJ No: 576106 | Housing: BTR-16 |
| Grievance No: 2001228094 | Code: 401 | Date Due: 09-22-2001 |

| EMERGENCY | USE OF FORCE | DISCIPLINARY ISSUE | PROPERTY | ☐ | ADA | ☐ |
|---|---|---|---|---|---|---|
| YES ☐  NO ☒ | MAJOR ☐ MINOR ☐ UR ☐ | MAJOR ☐  MINOR ☐ | RELIGION | ☐ | SSI | ☐ |
| | UOF # | # | MEDICAL | ☐ | | |

**Summary of Issue:**  *(Include date, time location.)  NOTE:  For claims of Excessive/Unreported UOF  or Harassment/Retaliation for use of the Grievance Procedure or Access to Courts rights  other legal activities  the investigation must be conducted by Internal Affairs  complete the Fact Sheet for I A.D. Investigations*

Offender states he was falsely written up on case number 20010335448.

**Requested Remedy:**
That above noted case number be dismissed.

The following is to be completed by the investigating official. The investigating official must sign the bottom.  **(Attached Statement/Supporting Documentation is applicable.)**

**Summary of Fact Finding Activity:**
A review of the circumstances involved, and pertinent information relative to case number 20010335448 was conducted.  Nothing presented on your grievance can refute the evidence presented during the hearing; which resulted in a finding of guilt.

**Suggested Response to Offender:**
**Nothing presented on grievance can refute the evidence that was provided at the hearing. The evidence provided clearly established not only your involvement, but your guilt. Grievance denied.**

Outcome code:  D

| Completed By: | Signature: | | Date: | 08-30-2001 |
|---|---|---|---|---|
| | Printed Name:    F. Barrera | | Title: | UGI/LT. |

Signature Authority

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *SIDNEY VALLIE,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-02-077 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**ORDER**

Be it remembered that on this day came to be considered Respondent Cockrell's Response to This Court's Order of December 5, 2002 and Supplemental Motion for Summary Judgment with Brief in Support, and the Court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED and DECREED that said Motion be, and it is hereby GRANTED, and those claims be denied.

SIGNED on this the _____ day of _____, 2002.

_____
JUDGE PRESIDING